IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY WEST,

                Plaintiff,

v.                                                      OPINION and ORDER

LA CROSSE CNTY. DIST. ATTY's OFFICE and                25-cv-487-jdp
DANIELLE KRANZ,

                Defendants.

---

Plaintiff Troy West, proceeding without counsel, alleges that he hasn't had a preliminary hearing or been appointed counsel in his pending state criminal prosecution. West brings claims under the Sixth and Fourteenth Amendments. West recently filed a substantially similar complaint that I dismissed without leave to amend for failure to state a claim for which I could grant relief. *West v. Wis. State Pub. Def.'s Office*, 25-cv-380-jdp, Dkt. 1 and Dkt. 4.

West seeks leave to proceed without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept West's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for mostly the same reasons that I dismissed the previous complaint based on the same allegations.

BACKGROUND

The events underlying the complaints in this and the '380 case occurred in La Crosse County Case No. 2022CF416. *See* Dkt. 1 at 2; Dkt. 1-1; Dkt. 4 in the '380 case, at 1. In the

'380 case, West named the Wisconsin State Public Defender's Office and the La Crosse County District Attorney's Office as defendants. West brought Sixth and Fourteenth Amendment claims in that case. He based the Sixth Amendment claim on the allegation that counsel hadn't been appointed to represent him in the '416 case, and the Fourteenth Amendment claim on the allegation that he hadn't received a preliminary hearing in that prosecution. Dkt. 4 in the '380 case, at 2–3.

I dismissed the Sixth Amendment claim for two reasons. First, the Public Defender was not a proper defendant in an action under 42 U.S.C. § 1983. Second, West's allegations didn't plausibly suggest that a Public Defender employee caused any deprivation of counsel. *Id.* I did not expressly discuss the District Attorney's Office in analyzing the Sixth Amendment claim. *Id.* West's complaint suggested that he brought the Sixth Amendment claim against the Public Defender only. *See* Dkt. 1 in the '380 case, at 1. I dismissed the Fourteenth Amendment claim because "a defendant does not enjoy a constitutional right to a preliminary hearing." *McMillian v. Huibregtse*, No. 09-cv-0327-slc, 2009 WL 1649490, at *1 (W.D. Wis. June 11, 2009) (citing *Odell v. Burke*, 281 F.2d 782, 786 (7th Cir.1960)).

The complaint here is the same in substance as the complaint in the '380 case. The only notable difference is that West has dropped the Public Defender as a defendant and added Assistant District Attorney Danielle Kranz, who is prosecuting the '416 case. West still seeks relief against the District Attorney's Office.

ANALYSIS

My previous order left some doubt about whether I analyzed West's Sixth Amendment claim against the District Attorney's Office. I will give him the benefit of the doubt and analyze that claim.

The Sixth Amendment claim fails for two reasons. First, at a minimum, West would have to show that defendants caused a violation of the Sixth Amendment to state a claim. *See Ortiz v. City of Chicago*, 656 F.3d 523, 539 (7th Cir. 2011). But West does not allege, and the judicial records attached to the complaint don't suggest, that the District Attorney's Office or Kranz played any role in any deprivation of counsel. *See also* Dkt. 4 in the '380 case, at 3 (explaining that the Public Defender had made considerable efforts to locate counsel for West but encountered several obstacles). Second, even if the failure to locate counsel could be attributed to defendants, they would be entitled to prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Brunson v. Murray*, 843 F.3d 698, 704–05 (7th Cir. 2016). I will not allow West to proceed on a Sixth Amendment claim.

There was no confusion about whether my dismissal of the Fourteenth Amendment claim applied to the District Attorney's Office; the claim was legally baseless. *See* Dkt. 4 in the '380 case, at 3. By bringing a duplicative claim that the court previously dismissed on the merits without leave to amend, West has engaged in abusive litigation. *See Dickerson v. Milwaukee Cnty.*, No. 23-cv-1104, 2023 WL 8356798, at *2 (E.D. Wis. Dec. 1, 2023). I will not allow West to proceed on a Fourteenth Amendment claim. West is warned that any future action based on the same or substantially similar allegations to this and the '380 case will be summarily dismissed.

3

ORDER

IT IS ORDERED that:

1. Plaintiff Troy West's complaint, Dkt. 1, is DISMISSED without leave to amend because it fails to state a claim and is legally frivolous.

2. The clerk of court is directed to enter judgment and close the case.

Entered July 9, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge